DECISION.
{¶ 1} Defendant-appellant, Joseph Lee Jenkins, was convicted of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The offense involved Jenkins's sexual contact with a ten-year-old boy. Jenkins appeals from the judgment of the trial court adjudicating him a sexual predator following a sexual-offender-classification hearing held pursuant to R.C. 2950.09(C). In three assignments of error, Jenkins argues that (1) the trial court's sexual-predator adjudication was against the manifest weight of the evidence; (2) R.C. 2950.09 violates the Double Jeopardy Clause of the United States Constitution; and (3) R.C. 2950.09
is unconstitutionally vague.
{¶ 2} We begin by disposing of Jenkins's second and third assignments of error. Both are overruled on the authority of State v.Williams.[1]
{¶ 3} In his first assignment of error, Jenkins argues that his adjudication as a sexual predator was against the manifest weight of the evidence and resulted from a hearing that failed to conform to the procedures established in State v. Eppinger.[2] The Eppinger model requires the trial court to (1) create a comprehensive record for review, (2) appoint an expert, if necessary, to assist in the determination regarding the offender's likelihood of recidivism, and (3) consider and discuss on the record the particular evidence and factors in R.C. 2959.09(B) upon which it has relied in making its determination regarding the likelihood of recidivism.[3]
{¶ 4} In Eppinger, the Supreme Court of Ohio held that an expert witness shall be provided to an indigent defendant at a sexual-offender-classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to commit a sexually-oriented offense in the future.[4] Because this was Jenkins's first conviction for a sexually-oriented offense, the trial court reasonably ordered an examination of Jenkins by a court-appointed psychiatrist to aid the court in determining whether Jenkins was likely to engage in one or more sexually-oriented offenses in the future. But, Jenkins argues, the trial court unreasonably refused to allow him to present the testimony of his own treating psychiatrist, in violation of Eppinger. We agree.
{¶ 5} R.C. 2950.09(B)(2) provides, in part, that "at the [sexual-offender-classification] hearing, the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator." At the sexual-offender-classification hearing in this case, defense counsel requested that the court allow him to present evidence from Jenkins's psychiatrist to aid the court in its determination. The court refused, reasoning that Jenkins's psychiatrist was biased "because he's paid by the defendant to treat him." The court decided that the psychiatrist was biased without having heard a shred of evidence from the psychiatrist by way of a report or testimony.
{¶ 6} In Eppinger, the court held that "either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself."[5] Based upon the record in this case, the trial court may well have found Jenkins to have been likely to commit in the future one or more sexually-oriented offenses. But the trial court abused its discretion by preventing Jenkins from availing himself of his right to present witnesses in his own behalf.[6]
{¶ 7} Accordingly, we reverse the judgment of the trial court and instruct the court on remand to reconsider Jenkins's sexual-offender classification by holding a new hearing in compliance with Eppinger, giving Jenkins the opportunity to present evidence in his own behalf, including the testimony or written report of his psychiatrist.
Judgment reversed and cause remanded.
Doan, P.J., and Gorman, J., concur.
[1] 88 Ohio St.3d 513, 2000-Ohio-428, 728 N.E.2d 342.
[2] 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881.
[3] See State v. Eppinger, 91 Ohio St.3d at 166, 2001-Ohio-247,743 N.E.2d 881.
[4] Eppinger, supra, at 162, 2001-Ohio-247, 743 N.E.2d 881.
[5] Eppinger, supra, at 166, 2001-Ohio-247, 743 N.E.2d 881.
[6] Id. at 163, 2001-Ohio-247, 743 N.E.2d 881.